# **EXHIBIT "A"**

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

JUNE 2021

E-Filing Number: 2106043509

001519

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| PEGGY ROSE | AMC THEATERS, ALIAS: D/B/A AMC 309 CINEMA 9 |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 3216 NORTH STILLMAN STREET<br>PHILADELPHIA PA 19129 | 1461 BETHLEHEM PIKE<br>NORTH WALES PA 19454 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  | AMERICAN MULTI-CINEMA, INC., ALIAS: D/B/A AMC 309 CINEMA 9 |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  | 1149 FRANKLIN MILLS CIRCLE<br>{PHILADELPHIA PA 19154 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  | AMC ENTERTAINMENT, INC., ALIAS: D/B/A AMC 309 CINEMA 9 |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  | 1149 FRANKLIN MILLS CIRCLE<br>PHILADELPHIA PA 19154 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 5 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal<br>[ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS |
|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration  [ ] Mass Tort  [ ] Commerce  [ ] Settlement<br>[X] Jury  [ ] Savings Action  [ ] Minor Court Appeal  [ ] Minors<br>[ ] Non-Jury  [ ] Petition  [ ] Statutory Appeals  [ ] W/D/Survival<br>[ ] Other: |

CASE TYPE AND CODE

2S - PREMISES LIABILITY, SLIP/FALL

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

FILED
PRO PROTHY

JUN 22 2021

S. RICE

IS CASE SUBJECT TO COORDINATION ORDER?
YES    NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: PEGGY ROSE

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| RICHARD L. STUTMAN | LISS AND MARION, P.C.<br>1845 WALNUT STREET |
| PHONE NUMBER: (215)665-1500 | FAX NUMBER: (215)981-0600 | 15TH FLOOR<br>PHILADELPHIA PA 19103 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 53758 | rstutman@lisslaw.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| RICHARD STUTMAN | Tuesday, June 22, 2021, 04:53 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**COMPLETE LIST OF DEFENDANTS:**
1. AMC THEATERS
     ALIAS: D/B/A AMC 309 CINEMA 9
     1461 BETHLEHEM PIKE
     NORTH WALES PA 19454
2. AMERICAN MULTI-CINEMA, INC.
     ALIAS: D/B/A AMC 309 CINEMA 9
     1149 FRANKLIN MILLS CIRCLE
     {PHILADELPHIA PA 19154
3. AMC ENTERTAINMENT, INC.
     ALIAS: D/B/A AMC 309 CINEMA 9
     1149 FRANKLIN MILLS CIRCLE
     PHILADELPHIA PA 19154
4. AMC ENTERTAINMENT HOLDINGS, INC.
     ALIAS: D/B/A AMC THEATERS D/B/A AMC 309 CINEMA 9
     ONE AMC WAY 11500 ASH STREET
     LEAWOOD KS 66211
5. JOHN DOE (1-5)
     UNKNOWN
     UNKNOWN PA XXXXX

LISS & MARION, P.C.
By:   RICKY L. LISS, Esquire
        Attorney I.D. No. 35007
        RICHARD L. STUTMAN, Esquire
        Attorney I.D. No. 53758
1845 Walnut Street, 15th Floor
Philadelphia, PA 19103
(215) 665-1500
Attorneys for the Plaintiff

ASSESSMENT OF DAMAGES
[X] IS  [ ] IS NOT REQUIRED
[X] Jury  [ ] Non-Jury  [ ] Arbitration

Filed and Attested by the
Office of Judicial Records
02 JUN 2021 04:53 pm
E. RICE

| | |
|---|---|
| PEGGY ROSE<br>3216 North Stillman Street<br>Philadelphia, PA 19129<br>                    *Plaintiff*<br>vs.<br><br>AMC THEATERS d/b/a AMC 309 CINEMA 9<br>1461 Bethlehem Pike<br>North Wales, PA   19454<br>        and<br>AMERICAN MULTI-CINEMA, INC.,<br>d/b/a AMC THEATERS<br>d/b/a AMC 309 CINEMA 9<br>1149 Franklin Mills Circle<br>Philadelphia, PA 19154<br>        and<br>AMC ENTERTAINMENT, INC.,<br>d/b/a AMC THEATERS<br>d/b/a AMC 309 CINEMA 9<br>1149 Franklin Mills Circle<br>Philadelphia, PA 19154<br>        and<br>AMC ENTERTAINMENT HOLDINGS, INC.,<br>d/b/a AMC ENTERTAINMENT, INC.<br>d/b/a AMERICAN MULTI-CINEMA<br>d/b/a AMC THEATERS<br>d/b/a AMC 309 CINEMA 9<br>One AMC Way<br>11500 Ash Street<br>Leawood, KS   66211<br>        and<br>JOHN DOE (1-5)<br>Unknown<br>Unknown, Unknown   XXXXX<br>                    *Defendants* | COURT OF COMMON PLEAS<br>OF PHILADELPHIA COUNTY<br><br>TERM, 2021<br><br>NO. |

## CIVIL ACTION COMPLAINT
## 2S- PREMISES LIABILITY- TRIP & FALL

## NOTICE TO DEFEND

### ``NOTICE

``You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

``YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE."

**LAWYER REFERRAL SERVICE**
1 Reading Center
Philadelphia, PA  19107
215-238-6333"

### ``AVISO

``Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días, de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

``USTED DEBE LLEVAR ESTE PAPEL SU ABOGADO INMEDIATAMENTE. SI USTED NO HACE QUE IN ABOGADO VAYA A O LLAME POR TELEFONO LA OFICINA DISPUESTA ABAJO. ESTA OFICINA PUEDE PROVEER DE USTED LA INFORMACION SOBRE EMPLEAR A UN ABOGADO. SI USTED NO PUEDE PERMITIRSE AL HIRE A UN ABOGADO. ESTA OFICINA PUEDE PODER PROVEER DE USTED LA INFMACION SOBRE LAS AGENCIAS QUE LOS SERVICIOS JURIDICOS DE LA OFERTA DE MAYO A LAS PERSONAS ELEGIBLES EN UN HONORARIO REDUCIDO O NINGUN HONORARIO."

**SERVICIO DE REFERRIDO LEGAL**
1 Reading Center
Filadelfia, PA  19107
Telefono: 215-238-6333"

## CIVIL ACTION COMPLAINT

1. Plaintiff, Peggy Rose, is an adult individual residing at all times relevant herein at 3216 North Stillman Street, Philadelphia, Pennsylvania.

2. Defendant, AMC Theaters d/b/a AMC 309 Cinema 9, is upon information and belief, a corporation, limited liability company, partnership, fictitious name or other such business entity licensed to conduct business within the Commonwealth of Pennsylvania, which operates movie theaters throughout the Commonwealth, including a movie theater facility known as "AMC 309 Cinema 9" located at 1461 Bethlehem Pike, North Wales, Pennsylvania.

3. Defendant, American Multi-Cinema, Inc., d/b/a AMC Theaters d/b/a AMC 309 Cinema 9, is upon information and belief, a corporation, limited liability company, partnership, fictitious name or other such business entity licensed to conduct business within the Commonwealth of Pennsylvania, which operates movie theaters throughout the Commonwealth, including movie theaters known as "AMC 309 Cinema 9" located at 1461 Bethlehem Pike, North Wales, Pennsylvania and "AMC Philadelphia Mills 14" located at 1149 Franklin Mills Circle, Philadelphia, Pennsylvania.

4. Defendant, AMC Entertainment, Inc., d/b/a AMC Theaters d/b/a AMC 309 Cinema 9, is upon information and belief, a corporation, limited liability company, partnership, fictitious name or other such business entity licensed to conduct business within the Commonwealth of Pennsylvania, which operates movie theaters throughout the Commonwealth, including movie theaters known as "AMC 309 Cinema 9" located at 1461 Bethlehem Pike, North Wales, Pennsylvania and "AMC Philadelphia Mills 14" located at 1149 Franklin Mills Circle, Philadelphia, Pennsylvania.

5. Defendant, AMC Entertainment Holdings, Inc. d/b/a AMC Entertainment Inc. d/b/a American Multi-Cinema d/b/a AMC Theaters d/b/a AMC 309 Cinema 9, is upon information and belief, a corporation, limited liability company, partnership, fictitious name or other such business entity

licensed to conduct business within the Commonwealth of Pennsylvania, which maintains offices at One AMC Way 11500 Ash Street, Leawood, Kansas, and which owns and operates movie theaters throughout the Commonwealth, including movie theaters known as "AMC 309 Cinema 9" located at 1461 Bethlehem Pike, North Wales, Pennsylvania and "AMC Philadelphia Mills 14" located at 1149 Franklin Mills Circle, Philadelphia, Pennsylvania.

6. Defendant, John Doe (1-5), is an unidentified individual and/or business entity whose identity and address is unknown to the Plaintiff despite due diligence and a good faith investigation.

7. Plaintiff is unable to identify Defendants, John Doe (1-5)'s correct name and identity as of the date of the filing of this Civil Action Complaint.

8. Upon information and belief, one or all of the aforementioned Defendants know the identity of Defendants, John Doe (1-5) and will provide this information in order that Plaintiff can amend her Complaint accordingly.

9. On or about July 13, 2019, and for some time prior thereto, the Defendants, by and through their agents, servants, workmen, employees and/or other representatives, acting in the course of their respective employment and authority and in the furtherance of the business of the said Defendants, owned, possessed, maintained, controlled and/or otherwise occupied the subject premises known as "AMC 309 Cinema 9," located at 1461 Bethlehem Pike, North Wales, Pennsylvania, including all entrances, steps, stairways, walkways, exits, fixtures, equipment, lighting fixtures, appliances, common areas and appurtenances thereto.

10. On the above date, and at all times relevant herein, Plaintiff was legally upon the premises known as "AMC 309 Cinema 9" as a ticket holder in attendance to see a movie.

11. On or about July 13, 2019, for some time prior thereto and at all times relevant herein, the above-named Defendants, by and through their respective agents, servants, workmen, employees, and/or other representatives, acting in the course of their respective employment and authority and in the furtherance of the business of said Defendants, were responsible for the condition of the premises known as "AMC 309 Cinema 9" located at 1461 Bethlehem Pike, North Wales, Pennsylvania, including but not limited to the management policies, procedures, protocols, care, inspection and maintenance of the aforesaid premises.

12. On the above date, for some time prior thereto and at all times relevant herein, the Defendants had the duty of inspecting and maintaining the aforesaid premises, including all entrances, steps, stairways, walkways, exits, fixtures, equipment, lighting fixtures, appliances, common areas and appurtenances thereto, in a reasonably safe condition for pedestrian travel, including keeping the walking surfaces well lit, visible and clear of defects, hazards and/or uneven surfaces.

13. On the above date, for some time prior thereto and at all times relevant herein, the above-named Defendants had the duty of maintaining the aforesaid premises and surrounding areas in a reasonably safe condition for business invitees, customers, and/or spectators to travel thereon.

14. In violation of said duty, the Defendants, by and through their agents, servants, workmen, employees and/or other representatives as hereinbefore alleged, permitted defects, irregularities and dangers to exist and remain in and about the area, including but not limited to an unlit, uneven, and/or defective set of steps within the premises' theater area, so as to constitute danger, hazard, and unsafe conditions for business invitees, including the Plaintiff, Peggy Rose.

15. The Defendants, by and through their agents, servants, workmen, employees and/or other representatives as hereinbefore alleged, created the dangerous condition of the premises and had actual knowledge and/or notice of said conditions on the subject premises for sometime prior to the incident involving Plaintiff, as more fully described herein below.

16. The Defendants, by and through their agents, servants, workmen, employees and/or other representatives as hereinbefore alleged, in the exercise of reasonable care, should and could have had knowledge or notice of the existence of the aforesaid dangerous conditions on the subject premises for sometime prior to the incident involving Plaintiff, as more fully described herein below.

17. On July 13, 2019, Plaintiff, Peggy Rose, was lawfully upon the subject premises, within "AMC 309 Cinema 9" as a ticket holder in attendance to see a movie, when she was caused to trip and fall down the aforementioned set of steps.

18. The aforesaid occurrence and resulting injuries to the Plaintiff were caused by the negligence, carelessness and recklessness of the Defendants by and through their own acts and omissions as well as by and through the acts and omissions of their agents, servants, workmen, employees and/or other representatives as hereinbefore alleged, both generally and in the following particular respects:

   (a) Failing to properly inspect said premises and adjacent areas including all steps, stairways, walkways, handrails, fixtures, equipment, lighting fixtures, appliances, common areas and appurtenances thereto;

   (b) Failing to correct defective and/or dangerous conditions of which Defendants were aware or should and could have been aware;

   (c) Failing to provide ushers to assist spectators safely to their seats;

   (d) Failing to provide lighting for the steps within the theater portion of the subject premises;

   (e) Failing to provide visible railings or other means of assistance within the theater portion of the subject premises;

(f) Failing to notify and/or warn business invitees, including the Plaintiff, by the use of signs or some other form of notice and/or warning, of the defective, hazardous and dangerous conditions of the said premises at the point where Plaintiff fell;

(g) Failing to maintain said premises, steps, stairways, walkways, handrails, fixtures, equipment, appliances, lighting fixtures, common areas and appurtenances thereto, in a condition which would protect and safeguard persons, such as Plaintiff, who were lawfully upon the said premises, and prevent them from falling to the ground;

(h) Failing to remove and/or remedy the aforesaid defective and dangerous conditions of said premises, so as to protect and safeguard persons lawfully upon the premises such as Plaintiff, and prevent them from falling to the ground;

(i) Creating the aforesaid defects, danger and/or irregularities and allowing/permitting said defects, danger and/or irregularities to remain on the aforesaid premises so as to constitute a menace, nuisance, snare or trap for persons lawfully upon the said premises, such as Plaintiff;

(j) Attempting to correct and/or remedy the aforesaid dangerous conditions in a negligent and careless manner;

(k) Failing to properly clear the premises of hazards, protrusions and obstructions, including but not limited to an unlit, uneven, and/or defective set of steps without a visible railing, in order to provide a safe passage for business invitees and/or spectators;

(l) Failing to adhere to the obligations created by and existing under any applicable law, common law, regulation and/or statute governing the dangerous condition;

(m) Failing to adhere to the obligations created by and existing under any contract, including but not limited to any lease for the premises in question, which is in sole possession of the Defendant(s);

(n) Failing to properly supervise Defendants' agents, servants, workmen, employees and/or other representatives;

(o) Failing to adequately screen and/or interview Defendants' agents, servants, workmen, employees and/or other representatives;

(p) Failing to properly train Defendants' agents, servants, workmen, employees and/or other representatives;

(q) Failing to protect business invitees, spectators, and patrons, including the Plaintiff, from being injured while upon Defendants' premises;

(r) Failing to provide a safe environment for business invitees, spectators, and patrons, including the Plaintiff, while lawfully upon the Defendants' premises as a ticket holder;

(s) Failing to provide ushers and/or sufficient numbers of employees and/or other means of assistance for business invitees, spectators, and patrons, including the Plaintiff;

(t) Exposing business invitees, spectators, and patrons, including the Plaintiff, to hazards, dangers and/or injury as the result of the acts and/or omissions of Defendants' agents, servants, workmen, employees and/or other representatives;

(u) Failing to establish, implement and/or enforce rules of conduct and procedure to be followed by Defendants' agents, servants, workmen, employees and/or other representatives, in order to provide a safe environment for business invitees, spectators, and patrons, including the Plaintiff;

(v) Breaching duties owed to business invitees, spectators, and patrons, including the Plaintiff;

(w) Failing to properly mark the stairways and walkways within the theater portion of said premises with lighting or reflective tape and/or other means of alerting and/or warning patrons of an unexpected height differential;

(x) Negligence *per se*;

(y) Otherwise failing to exercise due and proper care in the operation, inspection, maintenance and/or repair of the premises in question, including but not limited to the stairways, steps, aisles, lighting fixtures, walkways and appurtenances thereto; and

(z) Such other acts and/or omissions constituting carelessness, negligence and/or recklessness as may be ascertained by discovery procedure or as may be demonstrated by the evidence adduced at trial.

19. By reason of the aforesaid negligence, carelessness, and/or recklessness of the Defendants as hereinbefore alleged, the Plaintiff, Peggy Rose, suffered severe and permanent injuries to her bones, tendons, muscles, blood vessels, tissues, nerves and nervous system of her body and emotional upset, the full extent of which injuries is not yet known and some or all of which may be permanent in nature.

20. As a result of the aforesaid incident, Plaintiff suffered severe aches, pains, mental anxiety, anguish and the severe shock through her nerves and nervous system, together with internal injuries and other injuries the full extent of which is not yet known.

21. As a result of the aforesaid incident, Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which she has been in the past and will in the future be unable to attend to her usual duties and occupations, all to her great financial loss and detriment. The Plaintiff believes, and therefore avers, that her injuries are permanent in nature.

22. As a result of the aforesaid incident, the Plaintiff has been and will be obliged to receive and undergo medical attention and care and expend various sums of money and to incur various expenses for the injuries she has suffered.

23. As a further result of the aforesaid incident, the Plaintiff has and will suffer a severe loss of earnings and/or impairment of earning capacity or earning power, and Plaintiff may continue to suffer such a loss of earnings and/or impairment of earning capacity or earning power for an indefinite time in the future.

24. As a direct and reasonable result of the incident aforesaid, the Plaintiff has or may hereafter incur other financial expenses or losses which exceed or may in the future exceed amounts to which she may otherwise be entitled to recover.

WHEREFORE, Plaintiff, Peggy Rose, demands judgment in her favor and against the Defendants, individually, jointly, severally and/or in the alternative, in an amount greater than Fifty Thousand Dollars ($50,000.00) plus interest and costs of suit.

          Respectfully Submitted,

          LISS & MARION, P.C.

By: _____
     RICHARD L. STUTMAN, Esquire
     RICKY L. LISS, Esquire
     Attorneys for Plaintiff

Case ID: 210601519

## VERIFICATION

I, RICHARD L. STUTMAN, ESQUIRE, hereby certify that I am the attorney for the Plaintiff in the within civil action lawsuit, and that the statements contained in the attached Civil Action Complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsifications to authorities.

_____
RICHARD L. STUTMAN, Esquire

DATE: 6/22/21